IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                             No. 2:14-cr-03822 RB

SAMUEL ELLIOTT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Count 2 and Counts 5 through 8 of the November 12, 2014 Indictment as Multiplicitous. (Doc. 21.) The Government opposes the motion. (Doc. 33.) Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court denies this motion.

**I.**    **Background**

The Superseding Indictment[1] charges Defendant with: Counts 1 through 3, production of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256; and Counts 4 through 8, possession of material containing images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), 2256(2)(B), and 2256(8)(A). (Doc. 29.) Counts 1 through 3 allegedly occurred "between on or about December 1, 2012 and on or about July 10, 2013." (*Id.*) More specifically, Count 1 charges Defendant with production of a visual depiction of a child between the ages of one and five years old

---

[1] The motion is directed at the original Indictment filed on November 12, 2014 (Doc. 2). On July 23, 2014, the Grand Jury issued a Superseding Indictment that changed some of the charges. The July 23, 2015 Superseding Indictment rendered the motion moot. *See United States v. Kerik*, 615 F. Supp. 2d 256, 260 n.1 (S.D. N.Y. 2009); *United States v. Battle*, 117 F. Supp. 2d 1175, 1176 (D. Kan. 2000). However, as Defendant renewed this motion at the September 2, 2015 suppression hearing, the Court will consider Defendant's arguments as they pertain to the Superseding Indictment.

engaging in sexually explicit conduct using an 8mm video cassette. (*Id.*) Count 2 charges Defendant with production of a visual depiction of a minor child over the age of five years engaging in sexually explicit conduct using an 8mm video cassette "being separate and distinct from that alleged in Count 1." (*Id.*) Count 3 charges Defendant with production of a visual depiction of a minor child between the ages of one and five years old engaging in sexually explicit conduct using an iPhone. (*Id.*)

The Superseding Indictment charges that Counts 4 through 8 occurred on or about July 24, 2013. (*Id.*) More specifically, Count 4 charges that Defendant possessed an Apple iPhone 4 containing images of child pornography. (Doc. 29.) Count 5 charges that Defendant possessed a Western Digital Hard Drive containing images of child pornography. (*Id.*) Count 6 charges that Defendant possessed a Hewlett Packard desktop computer containing images of child pornography. (*Id.*) Count 7 charges that Defendant possessed an eMachines desktop computer containing images of child pornography. (*Id.*) Count 8 charges that Defendant possessed and maintained a Dropbox storage account, associated with the email address taboolover_69@yahoo.com, containing images of child pornography. (*Id.*)

In his motion to dismiss, Defendant contends that Counts 1 and 2 are multiplicitous because both counts allege that Defendant produced child pornography on a video cassette. (Doc. 21.) Additionally, Defendant maintains that Counts 4 through 8 are multiplicitous because these counts allege that Defendant possessed child pornography at his residence. (*Id*.) In the alternative, Defendant requests that the Court order a bill or particulars. (*Id*.) The Government responds that Counts 1 and 2 are not multiplicitous because these counts involve two separate victims recorded by Defendant at separate times, Counts 4 through 8 are not multiplicitous

because each count refers to different images on five separate storage media, and a bill of particulars should not be required.

## II.    Discussion

### A.    Multiplicity

The Fifth Amendment's guarantee that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const., amend. V, protects individuals not only from "successive prosecutions, but also [from] successive punishments for the same offense." *United States v. Morris*, 247 F.3d 1080, 1083 (10th Cir. 2001) (internal citations omitted). "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Morehead*, 959 F.2d 1489, 1505 (10th Cir. 1992) (quotation omitted). Counts of an indictment are considered multiplicitous when, although separately charged, they are based on the same criminal behavior. *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002).

The Tenth Circuit has explained that the doctrine of multiplicity "has no application in cases in which two counts are based on 'two distinct sets of conduct.' " *United States v. Benoit*, 713 F.3d 1, 16 (10th Cir. 2013) (quoting *United States v. Sturm*, 673 F.3d 1274, 1287 (10th Cir. 2012)). The facts of *Sturm* are instructive to the matter *sub judice*. Therein, the defendant was charged "with knowing possessing of three specific images of child pornography between January 1, 2005, and May 5, 2006" and charged in a separate count with "knowing receipt of child pornography on June 8, 2005." *Id.* At trial, the United States established that the defendant possessed one set of images of child pornography, and that he received an entirely different set of images of child pornography. *Id.* Additionally, the "jury was specifically instructed as to which images were associated with which count." *Id.* Because the defendant's "convictions and sentences were based on two distinct acts," the Tenth Circuit held that the

counts were not multiplicitous.  *Id.*  In other words, an indictment is not multiplicitous if each count calls for factual proof exclusive of factual proof for other counts.  *See id.*

In this case, each count of the Superseding Indictment charges only one crime, which is separate and distinct from the other counts; and each count necessarily calls for factual proof exclusive of factual proof for the other counts.  Specifically, Counts 1 and 2 of the Superseding Indictment charge Defendant with production of a two separate visual depictions of two different children.  (Doc. 29.)  Count 1 involves a child between the ages of one and five years.  (*Id.*)  Count 2 involves a child over the age of five.  (*Id.*)  It is clear from the face of the Superseding Indictment that these counts refer to two separate minors who were used by Defendant on two separate occasions to create two separate videos depicting child pornography.  (*Id.*)  For each of Counts 1 and 2, there will be exclusive factual proof relating to the particular depiction.  As Count 1 calls for factual proof exclusive of the factual proof for Count 2, these counts are not multiplicitous.

Counts 4 through 8 of the Superseding Indictment charge Defendant with possession of material containing images of child pornography on five separate storage media: (1) an Apple iPhone 4; (2) a Western Digital Hard Drive; (3) a Hewlett Packard desktop computer; (4) an eMachines desktop computer; and (5) a Dropbox storage account.  (Doc. 29.)  The five separate items of storage media contained hundreds of different images of child pornography.  (*Id.*)  It is clear from the face of the Superseding Indictment that these five counts refer to five separate and distinct electronic storage media which were used by Defendant to store different images depicting child pornography.  (*Id.*)  For each of Counts 4 through 8, there will be exclusive factual proof relating to the particular storage media.  Thus, each count calls for factual proof

exclusive of the factual proof for the other counts. Accordingly, Counts 4 through 8 are not multiplicitous.

### B. Bill of Particulars

Alternatively, Defendant requests that the Court require the United States to produce a bill of particulars. Under Federal Rule of Criminal Procedure 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." *See* Fed. R. Crim. P. 7(f). If a defendant seeks more definite information about the charges against him, his remedy is to file a motion for a bill of particulars. *United States v. Doe*, 572 F.3d 1162, 1176 (10th Cir. 2009).

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993). It is well-established that a bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges against him. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992). This is so because a defendant "is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case." *Ivy*, 83 F.3d at 1281 (internal quotation marks omitted). A bill of particulars "is not a discovery device." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

The Court finds that the Superseding Indictment informs Defendant of the charges against him with sufficient precision to allow him to prepare his defense. As noted above, "[i]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as

long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quoting *United States v. Hathaway*, 318 F.3d 1001, 1009) (10th Cir. 2003)). The language of the Superseding Indictment tracks the statutory language and provides the information necessary to advise Defendant of the criminal charges against him. While Defendant may desire more specific information about the charges, the Superseding Indictment gives Defendant sufficient notice of the charges against him to enable him to prepare a defense. For these reasons, the Court will deny Defendant's request for a bill of particulars.

### IV.   Conclusion

None of the counts contained in the Superseding Indictment are multiplicitous. A bill of particulars is not necessary because the Superseding Indictment informs Defendant of the charges against him with sufficient precision to allow him to prepare his defense. Defendant's arguments to the contrary are unpersuasive.

**THEREFORE,**

**IT IS ORDERED** that Motion to Dismiss Count 2 and Counts 5 through 8 of the November 12, 2014 Indictment as Multiplicitous (Doc. 21) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**